UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MELISSA TOWNSEND | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 1:12-CV-371 JD |
| CITY OF FORT WAYNE, *et al.*, | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Now before the Court is the Defendants' Motion to Strike Plaintiff's Supplemental Initial Disclosures. [DE 59]. For the following reasons, the Court grants the motion in part and denies it in part.

### I. FACTUAL BACKGROUND

On July 13, 2011, while she was visiting her mother at her mother's apartment complex, Melissa Townsend was approached by a little girl who was screaming for help because someone was fighting the girl's mother. Ms. Townsend and several other people followed the girl and found two women, Yvette Howard and Lynette Faye Calligan, engaged in a physical altercation. Ms. Townsend pulled the women apart to stop the fight, and then returned to her mother's apartment. Several police officers then arrived at the scene, including Officer Ian Wolfe of the Fort Wayne Police Department. Officer Wolfe interviewed Ms. Howard and Ms. Calligan, each of whom wanted the other arrested, and learned that Ms. Townsend had witnessed the altercation. He therefore spoke with Ms. Townsend, at which time he asked for her identification. The parties disagree on the factual details of this exchange, but the end result was that Officer Wolfe arrested Ms. Townsend for failing to produce her identification. Officer Wolfe placed Ms. Townsend in handcuffs and led her out of the apartment complex. Ms. Townsend was detained

for about eight hours before her release, and she claims that she was also banned from her mother's apartment complex due to the arrest.

Believing that she was wrongfully arrested, Ms. Townsend initiated this action by filing her complaint on September 19, 2012. After holding their planning meeting, the parties agreed that Rule 26(a)(1) initial disclosures would be due by December 20, and that all discovery would close on June 19, 2013. [DE 10]. The Court adopted those deadlines and made them orders of the Court, [DE 11], and discovery closed as planned on June 19, 2013. Following an unsuccessful settlement conference, the defendants moved for summary judgment on October 11, 2013. While that motion was still being briefed, Ms. Townsend served a supplemental Rule 26(a)(1) disclosure, identifying two maintenance men as potential witnesses of the altercation, and the Defendants moved to strike that disclosure as untimely. On June 16, 2014, the Court denied the motion for summary judgment in part, and also denied the motion to strike, finding that while the untimely disclosure was not justified, it was sufficiently harmless since no trial date had yet been set. During a scheduling conference on July 9, 2014, the Court set trial for February 2, 2015, and it also granted the Defendants' motion to reopen discovery for 60 days for the limited purpose of deposing the two late-disclosed witnesses.

Two weeks after that scheduling conference, on July 21, 2014, Ms. Townsend served another supplemental Rule 26(a)(1) disclosure. In this disclosure, Ms. Townsend identified six additional witnesses: Ms. Calligan and Ms. Howard, the combatants in the fight Ms. Townsend broke up; April Christman, an assistant manager of the apartment complex; Conrad Uberg, an attorney who provided Ms. Townsend legal services related to her ban from the apartment complex; and Belinda Smith-Wilson, a nurse practitioner, and Kurt Hoffman, a therapist, each of whom were expected to provide testimony as to the nature and extent of the treatment Ms.

Townsend received as a result of her arrest.[1] The supplemental disclosure also identified 14 additional documents or categories of documents. The Defendants have now moved to strike portions of this supplemental disclosure, and the motion has been fully briefed.

## II. DISCUSSION

The Defendants seek to strike Ms. Townsend's supplemental disclosures on the basis that she failed to comply with Rule 26 of the Federal Rules of Civil Procedure. Under Rule 26(a)(1), a party must disclose, among other items,

> (i) the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [and]
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A). A party must also supplement these disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). These obligations are enforced by Rule 37(c), which states,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

---

[1] The disclosure also identified Ms. Townsend and listed various sources of damages as to which she might testify, though the current motion does not seek to strike that portion of the disclosure.

In opposing the motion to strike, Ms. Townsend does not argue that her disclosures complied with Rule 26—her disclosure of these witnesses and documents over a year and a half after the deadline for initial disclosures and well over a year after the close of all discovery was clearly untimely. Thus, Rule 37 prohibits her from using that evidence "unless the failure was substantially justified or harmless." *Id.* Ms. Townsend does not offer any justification for her failure to comply with Rule 26, either, so the question is only whether the failure was harmless. The Seventh Circuit has articulated several factors that a court should consider in deciding whether such non-disclosures are harmless, including: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012).

As to Ms. Calligan and Ms. Howard, the two participants in the fight Ms. Townsend broke up prior to her arrest, the non-disclosure was undoubtedly harmless. Officer Wolfe interacted with both Ms. Calligan and Ms. Howard at the time of Ms. Townsend's arrest, and documented his interactions with them in his incident report. [DE 39-4]. He also recounted those interactions in his affidavit in support of his motion for summary judgment. [DE 32]. Further, Ms. Townsend's December 5, 2011 Notice of Tort Claim, which she served on Fort Wayne and also attached to her complaint, specifically identified Ms. Calligan and Ms. Howard as the combatants. [DE 1 p. 6]. It would be hard to make a stronger case for harmlessness than as to these two individuals; their identities were clearly known to all parties, and the Defendants could not plausibly suggest that these individuals' involvement came as a surprise to them, so their omission from Ms. Townsend's disclosures was harmless. *See* Fed. R. Civ. P. 37 advisory committee's note (listing "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the

name of a potential witness known to all parties" as an example of harmlessness). The motion to strike is therefore denied as to Ms. Calligan and Ms. Howard.

The Court also finds that the omission of Ms. Christman and Mr. Uberg from the initial disclosures was harmless. Ms. Townsend appears to offer these witnesses to demonstrate that she was banned from her mother's apartment complex as a result of her arrest, and to document the financial damages she sustained in seeking to lift that ban. Ms. Townsend stated in her Notice of Tort Claim that she was seeking damages for being banned from the apartment complex, and she specifically identified Ms. Christman in that document as the assistant property manager of the complex. Thus, it should come as no surprise to the Defendants that Ms. Townsend is seeking these particular damages or that Ms. Christman may have discoverable information on the topic. Further, whether or why Ms. Townsend was banned from the apartment complex are unlikely to be seriously contested in this matter—as the Defendants indicated at the Rule 16 conference, their argument is more likely to be that this ban and the resulting damages should not be attributed to their actions. Likewise as to Mr. Uberg, while the Defendants may contest whether they should be held responsible for his legal bills, they are unlikely to contest that he billed Ms. Townsend for about $600 of legal services, as the disclosure indicates. The amount of those bills could also be established through Ms. Townsend's testimony or by stipulation, and given this limited amount, the Defendants were unlikely to have pursued discovery on the topic, so there is no indication that the Defendants were harmed by the late disclosure of Mr. Uberg. Thus, although Ms. Christman and Mr. Uberg were not properly disclosed pursuant to Rule 26(a)(1), the omission was harmless, so the motion to strike is denied as to these witnesses.

Ms. Smith-Wilson and Mr. Hoffman—Ms. Townsend's nurse practitioner and her therapist—are another matter, though. Ms. Townsend offers these witnesses as both lay and non-

5

retained-expert witnesses to testify as to the nature and extent of her emotional distress and as to the treatment received as a result of her arrest. However, even the supplemental disclosures fail to provide the information required for these witnesses in their expert capacities, as while they identify the topics of testimony, they do not provide "a summary of the facts and opinions to which the witness[es] [are] expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Thus, Ms. Townsend has still yet to properly disclose these witnesses as experts. Additionally, even as lay witnesses, these witnesses were not adequately identified through other means such as to make their non-disclosure harmless.[2] Though Ms. Townsend's complaint and the Notice of Tort Claim indicate that she is seeking damages for emotional distress and mental anguish, there is no indication in the record prior to these disclosures that Ms. Townsend was seeking recovery of medical expenses or that she suffered injury to her mental or emotional health, as opposed to the garden variety emotional distress and humiliation that is naturally attendant to an arrest and imprisonment. Ms. Townsend suggested in her response brief that she mentioned these witnesses during her deposition, but she did not attach transcripts or describe her testimony as to those witnesses, so the Court cannot conclude on that basis that the omission was harmless.

Further, the testimony of these witnesses is likely to be more complex than that of the other witnesses, and would likely be hotly contested, so Ms. Townsend's failure to identify these witnesses during discovery was harmful. To adequately confront this evidence, the Defendants would have been entitled to request and review Ms. Townsend's medical records and to depose these witnesses, and they may have also wished to retain their own experts and to conduct other follow-up discovery. By waiting until more than a year after the close of discovery, Ms.

---

[2] In addition, striking these witnesses as lay witnesses is largely academic after also striking them as expert witnesses, as without expert testimony to tie any medical treatment or therapy to the events of this case, lay testimony as to the nature and extent of that treatment or therapy would be inadmissible.

Townsend deprived the Defendants of these opportunities, and would have left them completely unable to confront this evidence.

Ms. Townsend's only other argument as to why this omission was harmless is that the Court could reopen discovery, but that would not be harmless, as it would almost certainly require postponement of trial, and Ms. Townsend has not justified such a delay in these circumstances. If the Court reopened discovery for this purpose, the Defendants would first need to request Ms. Townsend's medical records. However, as Ms. Townsend indicated in her brief, she does not have those records in her possession, and she is unwilling to authorize her health care providers to disclose them absent a court order. This would require motion practice to compel discovery, and if the Court granted the motion, it may then take additional time for Ms. Townsend to sign the authorization and for her health care providers to produce the records. The Defendants would then need to schedule and conduct depositions for each of these witnesses. Finally, they might wish to retain their own expert witnesses (whom Ms. Townsend may then need to depose) or conduct further discovery, and may also want to engage in further motion practice to disqualify Ms. Townsend's witnesses as experts or to limit the scope of matters on which the witnesses may express opinions. Trial is now only four months away, and there is no chance that this discovery could be concluded by then, much less by the deadline to object to the qualifications of expert witnesses, which is just over a month away.

The Court acknowledges that striking these witnesses might affect Ms. Townsend's ability to seek this category of damages at trial. However, the testimony of these witnesses does not go to the existence of liability, so their exclusion is not dispositive of the case, *see Musser*, 356 F.3d at 759–60, and Ms. Townsend can still seek other forms of damages. Furthermore, a plaintiff cannot proceed through a case without giving any forethought to proving damages, and

7

then, after discovery has closed, after summary judgment has been ruled on, and after trial has been set, ask the Court to start over and reopen discovery. Such practices are inherently harmful, as they interfere with the Court's ability to manage its cases, they waste both the Court's and the opposing parties' time, and they interfere with the prompt administration of justice. Thus, to the extent striking these witnesses will prejudice Ms. Townsend, that prejudice is the avoidable result of her own (or her counsel's own) actions, and is not undue. Therefore, the Court finds that the non-disclosure of these witnesses was not harmless, and strikes Ms. Smith-Wilson and Mr. Hoffman from Ms. Townsend's supplemental disclosures.

Finally, the Defendants seek to strike various categories of documents that Ms. Townsend disclosed for the first time in her supplemental disclosure. As to number 5, Ms. Townsend's student ID card, the Court denies the motion to strike; there is no unfair surprise to the Defendants as to this document, and Ms. Townsend also attached it without objection to her response in opposition to the Defendants' motion for summary judgment. As to numbers 2, 9, and 10, each of which appear to relate to Ms. Townsend's ban from her mother's apartment complex, the Court finds that their non-disclosure was harmless for the same reasons discussed above as to Ms. Christman and Mr. Uberg, and denies the motion as to those items. Last, as to numbers 11, 12, and 13, which include Ms. Townsend's medical records and bills, the Court finds that the untimely disclosure was harmful for the same reasons discussed above as to Ms. Smith-Wilson and Mr. Hoffman, so it grants the motion as to these items and strikes them from the supplemental disclosure.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to strike [DE 59] is GRANTED in part and DENIED in part. The Court STRIKES the supplemental disclosures as to Belinda Smith-

Wilson and Kurt Hoffman, and as to the documents identified in paragraphs 11, 12, and 13 of Ms. Townsend's supplemental disclosure.

    SO ORDERED.

    ENTERED:  September 26, 2014

                                              /s/ JON E. DEGUILIO
                                    Judge
                                    United States District Court